### 10148

### BALLENGER v. FISK-CARTER CONST. CO.

(98 S. E. 193.)

MASTER AND SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK—QUESTIONS FOR JURY.—Questions of negligence, contributory negligence, and assumption of risk *held* under the evidence for the jury, where a construction company ordered an inexperienced laborer to go on a car of lumber and take the brakes off, and it ran down a grade into a post, causing his death.

Before WILSON, J., Greenville, Spring term, 1918.    Affirmed.

Action by J. L. Ballenger, administrator of Foster Simpson, deceased, against the Fisk-Carter Construction Company, for death of deceased when a car of lumber ran down a grade into a post, after he as directed unloosed the brakes, the track being, it was claimed, icy and slippery.    Judgment for plaintiff, and defendant appeals.

*Messrs. Sirrine & Nettles* and *Cothran, Dean & Cothran,* for appellant.    *Messrs. Cothran, Dean & Cothran* submit: *That the failure of Simpson to properly operate the brakes was due to his inexperience and ignorance, it was none the less his act, for which the defendant could not be made answerable in the absence of such allegations in the complaint as the basis of his cause of action:* 72 S. C. 264.    *In the very nature of the case, the working place of the servant is often perilous and cannot be otherwise:* 107 S. C. 15. *Simpson should have, of course, availed himself of the knowledge and conditions before him.    It was for the jury to determine whether he acted as one of ordinary prudence should have acted under similar circumstances, and not that he should have full knowledge· of the danger:* 96 S. E. 138; Labatt (1st Ed.) 669, 670, 1020; 92 S. C. 409; 98 S. C. 133; 94 S. C. 339; 79 S. C. 175; 94 S. C. 340; 82 S. C. 542; 85 S. C. 363; 84 S. C. 269; 91 S. E. 978; 29 M. E. 589; 52

Mo. App. 366; 19 N. E. 93; 60 N. W. 1093; 13 Att. 286; 34 N. W. 659; 41 S. W. 909; 61 S. W. 53; 39 Ia. 619.

*Messrs. Martin & Henry*, for respondent, cite: *As to unsafe place to work:* 65 S. C. 361; 18 R. C. L. 596; 66 S. C. 288; 102 S. C. 226; 14 Enc. Law 357; 55 S. C. 102; 37 S. E. 828; 21 S. C. 541; 62 S. C. 438; 30 S. E. 477; 55 S. C. 103; 32 S. E. 828; 94 S. C. 152; 77 S. E. 863. *As to unsafe tools and instrumentalities with which to work:* 70 S. C. 325; 63 S. C. 575; 89 S. C. 390; 95 S. C. 149; 102 S. C. 226. *As to unsafe method and system of carrying on the work:* 58 S. C. 360; 18 R. C. L. 590; 3 Labatt M. & S., sec. 2385; 87 S. C. 210; 86 S. C. 537; 67 S. C. 222; 71 S. C. 81; 102 S. C. 226; 89 S. C. 390; 100 S. C. 439; 103 S. C. 493; 3 Labatt M. & S., 2d Ed., pp. 2920, 2946, 2047; 18 R. C. L., pp. 574-575; 98 S. C. 130; 95 S. C. 149. *As to plaintiff's second request:* 34 S. C. 215-216; 37 S. C. 604; 40 S. C. 108-109; 86 S. C. 234; 18 S. C. 281; 87 S. C. 212; 104 S. C. 412; 66 S. C. 485-6-7-8; 52 S. C. 443; 64 S. C. 215; 55 S. C. 101; 94 S. C. 154. *As to plaintiff's fourth request·* 95 S. C. 244; 86 S. C. 441; 101 S. C. 83; 18 S. C. 275; 34 S. C. 214; 35 S. C. 408; 66 S. C. 485; 81 S. C. 203; 93 S. C. 396; 71 S. C. 81; 72 S. C. 130, p. 96 S. E. 191; 80 S. C. 248-249; 72 S. C. 420; 94 S. C. 154; 79 S. C. 512-513. *As to the law imputing to the master knowledge of the latent dangers, instrumentalities and place of work assigned servant and casts upon the master the burden of proving that he could not have discovered the danger by due diligence:* 86 S. C. 441; 93 S. C. 396; 64 S. C. 215; 72 S. C. 420; 54 S. C. 192; 66 S. C. 488; 18 R. C. L. 649-694. *As to the absolute duty of master to furnish servant a safe place and a safe method of doing the work:* 107 S. C. 392, and cases; 66 S. C. 487-488; 64 S. C. 215; 89 S. C. 389-390. *As to complaint not containing a specific allegation charging the master with failure to make, promulgate and enforce suitable rules:* 98 S. C. 130; 3 Labatt M. & S., sec. 1120; 18 R. C. L. 574-575. *As to failure of master to see that the instrumen·*

*talities are properly used:* 3 Labatt M. & S., sec. 1110. *As to foresight required of master:* 3 Labatt M. & S., sec. 1114; 92 S. C. 558-559.

February 3, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages, by plaintiff against the defendant, for death resulting from personal injuries sustained by plaintiff's intestate, Foster Simpson, January 7, 1918, while engaged as a laborer by the defendant. The case was tried before Judge Wilson, and a jury, and resulted in a verdict in favor of the plaintiff for $2,000. At the close of plaintiff's testimony, a motion for a nonsuit was made by the defendant, and refused by his Honor.

After entry of judgment, defendant appeals, and complains of error by 9 exceptions. At the hearing in this Court appellant abandoned exceptions 2, 6 and 9. The remaining exceptions assign error in refusal of the defendant's motion for a nonsuit, and the Judge's charge, and may be considered in three propositions: (1) That there is no testimony tending to establish any negligence, as alleged on the part of the defendant. (2) The testimony for the plaintiff shows that the injury was due solely to the negligence of the deceased. (3) The testimony for the plaintiff shows that the deceased laborer assumed the risk of injury under the circumstances. This exception cannot be sustained. The evidence shows that the place was dangerous, and that the defendant required the plaintiff's intestate to do a dangerous thing, in a dangerous way, and the jury were justified, under the law and evidence in the case, that the pleas of contributory negligence and assumption of risk could not avail.

The evidence shows that the deceased was an ignorant, inexperienced servant, as to this particular work; that he was neither warned nor instructed by the master; that the master selected the place, the fellow laborer's implements,

and placed the deceased, who was ignorant and inexperienced and did not realize the unsafe conditions and surroundings in which the master had placed him. The evidence shows that he was an ordinary laborer, a country laborer, without experience in handling cars or in railroading. The master selected four laborers from the crowd, and ordered deceased to go upon the cars and "take the brakes off."

The master put an extraordinary piece of work upon the deceased, and the deceased did the work imposed upon him, under and in presence of master's representatives. His Honor made no mistake in submitting to the jury, under the evidence in the case, for their determination, whether the defense of the pleas of contributory negligence or assumption of risk was made out. Neither do we see any error in any particular in his Honor's charge.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.